

FILED
AUG 9 2023
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JERON D'NELL CEPHUS,<br>a/k/a "Jay Byrd"<br><br>Defendant. | Criminal No. 2:23cr101 |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### COUNT ONE

(Conspiracy to Distribute and Possess with the Intent to Distribute Marijuana and Psilocybin)

1. The factual allegations contained in the General Allegations section of the Superseding Indictment in Criminal No. 2:22cr147 are incorporated herein by reference as if set out in full.

2. From no later than January 2020 and continuing up to and including May 27, 2022, in Chesapeake, Virginia, within the Eastern District of Virginia and elsewhere, JERON D'NELL CEPHUS a/k/a "Jay Byrd", the defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree with separately indicted co-conspirators CORTNEY ALLEN CONLEY, a/k/a "KO," RASHAUN MARCQUEZ JOHNSON, a/k/a "Shaun," DAVIAN MARCELIS JENKINS, a/k/a "DJ," LATEYA CONLEY, a/k/a "Teya," JASMINE DENEEN CUFFEE, a/k/a "Jas," JAVAID AKHTAR REED, a/k/a "Vay," KYRON SPELLER, a/k/a "Spazz," TERRANCE SPENCER ALEXANDER, a/k/a "T-Money," COREY MELIC

BLACKWELL, a/k/a "Blick," AARON HUNTER, a/k/a "ASAP," and KASHEIM BRYANT, and with other persons, to knowingly and intentionally:

(1) distribute and possess with the intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii); and

(2) distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of psilocybin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

## WAYS, MANNER, AND MEANS OF THE CONSPIRACY

The primary purpose of the conspiracy was to make money through the distribution of marijuana and psilocybin, a constituent of Magic mushrooms, within the Eastern District of Virginia and elsewhere. The ways, manner, and means by which the defendants and co-conspirators carried out the purpose of the conspiracy include but are not limited to the following:

1. It was part of the conspiracy that the defendants and co-conspirators would and did play different roles in the conspiracy, taking upon themselves different tasks and participating in the affairs of the conspiracy through various criminal acts. Some of the roles which the defendants and co-conspirators assumed and carried out included, among others, organizer, manager, distributor, packager, supplier, middleman, collector, advertiser, security, and facilitator.

2. It was further a part of the conspiracy that the defendants and co-conspirators were engaged in the unlawful business of possessing with intent to distribute and distributing marijuana and psilocybin in the Eastern District of Virginia for profit.

3. It was further part of the conspiracy that the defendants and co-conspirators would and did derive substantial gross receipts from their unlawful activities.

4. It was further part of the conspiracy that the defendants and co-conspirators would and did establish makeshift "popup" marijuana and psilocybin dispensaries at various locations throughout Hampton Roads, including at an apartment on Providence Road in Chesapeake, Virginia and an apartment on Wintercress Way in Chesapeake, Virginia – both located within the Eastern District of Virginia. The defendants and co-conspirators would change locations of the "popup" dispensaries to avoid detection by law enforcement and to avoid attempted robberies of drugs and drug proceeds.

5. It was further part of the conspiracy that the defendants and co-conspirators communicated through telecommunications devices. The defendants and co-conspirators used telephonic communications to advertise controlled substances to customers, arrange for the time and place of drug transactions and payments of United States currency, and to assist in and further the possession with intent to distribute and the distribution of controlled substances.

6. It was further part of the conspiracy that the defendants and co-conspirators used social media platforms and applications to advertise the location of "popup" dispensaries and the controlled substances available at the "popup" dispensaries.

## OVERT ACTS

In furtherance of the conspiracy and to bring about the objects and goals of the conspiracy, the defendants and co-conspirators committed overt acts in the Eastern District of Virginia, and elsewhere, including but not limited to the following:

1. On different dates during the conspiracy, JERON D'NELL CEPHUS a/k/a "Jay Byrd", C. CONLEY, CUFFEE, and other co-conspirators received packages containing marijuana

and psilocybin sent via the United States Postal Service from known source states for controlled substances, including California, to the Eastern District of Virginia.

2. On different dates during the conspiracy, JERON D'NELL CEPHUS a/k/a "Jay Byrd", and his co-conspirators possessed with intent to distribute quantities of marijuana and psilocybin in the Eastern District of Virginia.

3. On different dates during the conspiracy, JERON D'NELL CEPHUS a/k/a "Jay Byrd" and his co-conspirators distributed and aided and abetted the distribution of quantities of marijuana and psilocybin in exchange for United States currency in the Eastern District of Virginia.

4. During sometime in July 2021, the exact date being unknown, REED protected the Providence Road "popup" shop drugs and drug proceeds from an armed attempted robber. During the attempted robbery, REED brandished a firearm at the attempted robber, who fled from the scene.

5. On the day of the July 2021 Providence Road attempted robbery, ALEXANDER acted as a doorman while armed. ALEXANDER answered the door for the attempted robber and engaged in a physical struggle with the attempted robber. ALEXANDER physically pushed the attempted robber out of the apartment.

6. On the day of the July 2021 Providence Road attempted robbery, HUNTER acted as security, and was armed with a firearm while seated next to a table containing marijuana, psilocybin and controlled substance proceeds.

7. In 2021, CUFFEE and other co-conspirators rented an apartment located at an address on Wintercress Way in Chesapeake, Virginia to be used as a "popup" dispensary.

8. On different dates in 2021 and 2022, JOHNSON sent customers videos advertising the Wintercress Way "popup" shop inventory.

9. On May 13, 2022, JOHNSON acted as a doorman and security for the Wintercress Way "popup" dispensary.

10. On May 13, 2022, JENKINS was seated behind a table engaged in the sale of marijuana and psilocybin at the Wintercress Way "popup" dispensary.

11. On May 13, 2022, JOHNSON and C. CONLEY were armed with firearms to protect their supply of marijuana and psilocybin and drug proceeds from attempted robberies.

12. On May 13, 2022, when two armed subjects attempted to rob the "popup" dispensary located at Wintercress Way in Chesapeake, Virginia, JOHNSON and C. CONLEY discharged firearms during a gun battle with the two subjects, resulting in the deaths of the two attempted robbers. During the gun battle, JENKINS pistol-whipped one of the subjects.

13. On May 13, 2022, immediately after the gun battle, C. CONLEY, JOHNSON and JENKINS removed controlled substances, drug proceeds, and firearms from the Wintercress Way "popup" dispensary.

14. On or about May 13, 2022, co-conspirators delivered the controlled substances that were salvaged from the Wintercress Way "popup" dispensary to JERON D'NELL CEPHUS a/k/a "Jay Byrd" who maintained them with the intention of opening the next "popup" dispensary.

15. During May 2022, JERON D'NELL CEPHUS a/k/a "Jay Byrd" possessed a firearm to protect the controlled substances that he sold from the Wintercress "popup" shop.

16. After the May 13, 2022 double homicide at Wintercress Way (the "double homicide"), CUFFEE and L. CONLEY harbored C. CONLEY while he was a fugitive from law enforcement.

17. From on or about May 15, 2022 to May 22, 2022, SPELLER rented a Jeep Grand Cherokee from Enterprise and drove C. CONLEY from the Eastern District of Virginia to the Atlanta Metropolitan area while C. CONLEY was a fugitive from justice.

18. On a date in May 2022, BLACKWELL delivered a bag containing containers of marijuana to JERON D'NELL CEPHUS a/k/a "Jay Byrd" on behalf of C. CONLEY.

19. After the May 13, 2022 double homicide, JERON D'NELL CEPHUS a/k/a "Jay Byrd," REED and SPELLER assisted C. CONLEY in establishing new "popup" locations in the Eastern District of Virginia for the illegal sale of controlled substances.

20. On or about September 9, 2022, L. CONLEY mailed a package containing a drug payment in the form of cash, hidden inside a Funko Pop, to C. CONLEY's source of supply in California.

(All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1).)

## COUNT TWO

(Possession with Intent to Distribute Psilocybin)

In or about May 2022, at Chesapeake, Virginia, within the Eastern District of Virginia, the defendant, JERON D'NELL CEPHUS a/k/a "Jay Byrd" did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of psilocybin, a Schedule I controlled substance, and aided and abetted the same.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18,
United States Code, Section 2.)

## COUNT THREE

(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

In or about May 2022 at Chesapeake, within the Eastern District of Virginia, the defendant, JERON D'NELL CEPHUS a/k/a "Jay Byrd," did knowingly possess a firearm in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, to wit: possession with the intent to distribute psilocybin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2, as set forth in Count Two of the Criminal Information, which description of said drug trafficking crime is re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2).

## CRIMINAL FORFEITURE

1. The defendant, if convicted of the violation alleged in Count 1 of this Criminal Information, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a. Any property, real or personal, involved in the offense, and any property traceable to such property.

    b. Any firearm or ammunition involved in or used in the violation.

2. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

3. The property subject to forfeiture includes but is not limited to:

    a. A .45 caliber semi-automatic pistol and two 9mm semi-automatic pistols, and any related magazines and ammunition, seized from an address on Wintercress Way in Chesapeake, Virginia, on or about May 13, 2022;

    b. A SCCY 9mm semi-automatic pistol, and any related magazines and ammunition, seized from an address on Magnolia Run in Chesapeake, Virginia, on or about May 26, 2022;

    c. A Smith & Wesson 9mm semi-automatic pistol, and any related magazines and ammunition, seized from an address on Infinity Lane in Virginia Beach, Virginia, on or about May 26, 2022;

    d. A teal TP9 SF Elite 9mm semi-automatic pistol, and any related magazines and ammunition, seized from an address on Old College Drive in Suffolk, Virginia, on or about July 26, 2022;

    e. A Glock 9mm semi-automatic pistol and a Glock 23 .40 caliber semi-automatic pistol, and any related magazines and ammunition, seized from an address on New Town Road in Virginia Beach, Virginia, on or about November 8, 2022.

(In accordance with 18 U.S.C. § 924(d)(1); 18 U.S.C. § 982(a)(1); and 28 U.S.C. § 2461(c)).

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: 8/9/23

By: *[signature]*
Megan M. Montoya
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
megan.montoya@usdoj.gov

11